FILED IN OPEN COURT
JACKSONVILLE, FLORIDA

9/17/25

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                    CASE NO. 3:25-cr-193-WWB-PDB

MONTEL JORDAN

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Gregory W. Kehoe, United States Attorney for the Middle District of Florida, and the defendant, MONTEL JORDAN, and the attorney for the defendant, Sabra M. Barnett, Esq., mutually agree as follows:

### A.  Particularized Terms

1.  Count Pleading To

The defendant shall enter a plea of guilty to Count One of the Information. Count One charges the defendant with Obstruction of the United States Mail, in violation of 18 U.S.C. § 1701.

2.  Maximum Penalties

Count One carries a maximum sentence of six months' imprisonment, a fine of not more than $5,000, or both a term of imprisonment and a fine, and a special assessment of $10, which is due on the date of sentencing.

Defendant's Initials MJ                                    AF Approval JMH

3. <u>Elements of the Offense</u>

The defendant acknowledges understanding the nature and elements of the offense with which defendant has been charged and to which defendant is pleading guilty. The elements of Count One are:

<u>First</u>:   The defendant obstructed the passage of mail; and

<u>Second</u>:   The defendant acted knowingly and willfully.

4. <u>No Further Charges</u>

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

5. <u>Joint Sentence Recommendation</u>

The defendant and the United States Attorney's Office for the Middle District of Florida jointly agree to recommend a sentence consisting of a fine of $200.00 and 12 months' probation to include the mandatory and standard conditions (*see* USSG § 5B1.3), as well as the following additional conditions: the defendant shall pay restitution to Victim 1 in the amount of $100.00, no later than 90 days after the date his sentence is imposed.

2

Defendant's Initials MJ

6. <u>Discretionary Restitution to Victim of Offense of Conviction</u>

Pursuant to 18 U.S.C. § 3663(a) and (b), the defendant agrees to make full restitution to Victim 1 in the amount of $100.00.

**B.    Standard Terms and Conditions**

1. <u>Restitution, Special Assessment and Fine</u>

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A(3). The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (18 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. The special assessment is due on the date of sentencing.

The defendant understands that this agreement imposes no limitation as to fine.

3

Defendant's Initials MJ

2. <u>Immigration Consequences of Pleading Guilty</u>

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

3. <u>Sentencing Information</u>

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

4. <u>Financial Disclosures</u>

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party.

4

Defendant's Initials  MJ

5. <u>Sentencing Recommendations</u>

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

6. <u>Defendant's Waiver of Right to Appeal the Sentence</u>

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, if applicable, except (a) the ground that the sentence exceeds

5

Defendant's Initials  MJ

the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines, if applicable; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

7. <u>Middle District of Florida Agreement</u>

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

8. <u>Filing of Agreement</u>

This agreement shall be presented to the Court, in open court or <u>in camera</u>, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

9. <u>Voluntariness</u>

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the

6

Defendant's Initials MJ

concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

7

Defendant's Initials MJ

10. Factual Basis

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth in the attached "Factual Basis," which is incorporated herein by reference, are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

11. Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

Defendant's Initials MJ

8

12. Certification

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this 17 day of Sept, 2025.

_____
MONTEL JORDAN
Defendant

_____
Sabra M. Barnett, Esq.
Attorney for Defendant

GREGORY W. KEHOE
United States Attorney

_____
David B. Mesrobian
Assistant United States Attorney

_____
Michael J. Coolican
Assistant United States Attorney
Deputy Chief, Jacksonville Division

Defendant's Initials MJ

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                             CASE NO. 3:25-cr-

MONTEL JORDAN

### PERSONALIZATION OF ELEMENTS

### Count One

1. Do you admit that between in or about April 11, 2024, and April 25, 2024, you obstructed the passage of mail?

2. Do you admit that you acted knowingly and willfully?

10

Defendant's Initials  MJ

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 3:25-cr-

MONTEL JORDAN

FACTUAL BASIS

The defendant, MONTEL JORDAN, was hired as a United States Postal Service (USPS) rural carrier associate (RCA) in or around November 2023. He was assigned to USPS stations in Jacksonville, in the Middle District of Florida, throughout his tenure.

On or about April 13, 2024, USPS received a complaint from a customer who stated that advertisement mail had been thrown into a dumpster behind a sandwich shop in Jacksonville. A USPS manager went to the location and identified eight bundles of mail (approximately 250 mail pieces) that had been left in the dumpster. Agents with the USPS Office of Inspector General (OIG) investigated and determined that JORDAN was assigned to the route on which the dumped mail was to be delivered. Further, USPS geolocation records showed that JORDAN had been at the dumpster's location on April 11, 2024.

On April 25, 2024, OIG interviewed JORDAN. JORDAN acknowledged that he was aware all mail had to be delivered, and he could not intentionally destroy mail. JORDAN first admitted to agents that he had intentionally abandoned mail on the

Defendant's Initials __MJ__

side of the road in the past. The OIG agents advised JORDAN that they were there to ask him about mail dumped behind the sandwich shop on or about April 11, 2024, and showed him a picture of the advertising mail located in the dumpsters. JORDAN admitted to dumping that mail as well, and stated that he knew what he had done was wrong, but he did so because he did not want to arrive late to his professional sports practice sessions. JORDAN subsequently resigned his position as an RCA.

Subsequently on April 25, 2024, OIG received another customer complaint regarding mail dumped in a wooded area off Skylark Manor Drive in Jacksonville. A USPS employee went to the location and recovered two bundles of mail. A review of USPS databases determined that this particular mail had been sent out for delivery on April 24, on JORDAN's route.

The restitution due to Victim 1, the company that sent the delayed or destroyed commercial mail, is $100.

Defendant's Initials MJ